UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XUAN THI PHAN,<br><br>Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION, a Delaware Corporation,<br><br>Defendant. | No. 2:16-cv-2328 WBS DB<br><br>ORDER |

This action came before the court on December 22, 2017, for hearing of plaintiff's motion to compel. (ECF No. 37.) Attorney Glenn Guenard appeared on behalf of the plaintiff. Attorney Shelley Hurtwiz appeared on behalf of the defendant. Oral argument was heard and plaintiff's motion was taken under submission.

ANALYSIS

This action concerns alleged injuries suffered during an August 11, 2016 flight operated by the defendant. (ECF No. 20.) The parties' joint statement and oral argument addressed the following seven discovery disputes concerning plaintiff's requests for production of documents ("RFP").[1]

---

[1] Although there are seven discovery disputes, this order will address two of those disputes (RFP No. 2 and RFP No. 11) as one issue.

1

1. RFP No. 1—Internal Investigation Documents

In the parties' joint statement, defendant asserted that it will be making a production in response to this request. Defendant will, therefore, be ordered to complete this production, including any privilege log, on or before December 29, 2017.[2] Any remaining dispute over this discovery request may be addressed in the parties' joint statement to be filed on or before January 5, 2017.

2. RFP No. 2—Communication With Passengers and RFD No. 11—Passenger Manifest

Plaintiff seeks all communications with passengers of the flight at issue, as well as the complete passenger manifest. (ECF No. 58 at 10-11.) In addition to the argument found in the parties' joint statement, defendant asked during oral argument for a "protocol," allowing any passengers an opportunity to object to the production of their identities. Defendant cited in support of this request 14 C.F.R. § 243.9(c), which provides that passenger "contact information . . . shall be kept confidential" and may be released only to certain governmental agencies.

"Notwithstanding the federal regulations, courts have held that a passenger manifest may be discoverable pursuant to a confidentiality agreement." Nathaniel v. American Airlines, Civil No. 2007/0033, 2008 WL 5046848, at *6 (D. Virgin Islands Nov. 20, 2008); see, e.g., Jakobot v. American Airlines, Inc., Case No. 10-CV-61576, 2011 WL 13214326, at *2 (S.D. Fla. May 23, 2011) (granting motion to compel production of passenger manifest). In this regard, "[d]espite the confidentiality provisions of the statute, there is adequate justification, within the rules of civil procedure, for producing the list." Wallman v. Tower Air, Inc., 189 F.R.D. 566, 568 (N.D. Cal. 1999).

Plaintiff, however, asserts that she seeks this discovery because "[e]ach passenger is a witness and their statements, testimony, and communications" are relevant to the subject case. (ECF No. 58 at 9.) The undersigned disagrees. Plaintiff's amended complaint alleges that as

---

[2] According to the parties' oral argument, it appears defendant may have already complied with this order by recently producing to plaintiff over six hundred pages of documents, as well as a privilege log.

2

plaintiff "was moving toward the aisle," the flight encountered turbulence that caused her to "fall and hit her head and left shoulder," and then "lifted her up and slammed her into the ceiling of the cabin." (Am. Compl. (ECF No. 20) at 5.) "As she was thrown downward, she again struck her head and shoulder. A door of the overhead bin broke . . . and hit" plaintiff on the head. (Id.)

In this regard, while it is likely that a significant percentage of those passengers seated beside or behind the plaintiff witnessed the events at issue, the same cannot be said for those passengers seated in front of the plaintiff. See generally Raub v. US Airways, Inc., CIVIL ACTION No. 16-1975, 2017 WL 2633430, at *2 (E.D. Pa. June 19, 2017). Accordingly, defendant is ordered to provide plaintiff with the contact information for all passengers seated in plaintiff's row and continuing through the back of the plane. Defendant's production shall be made pursuant to the parties' stipulated protective order. (ECF No. 55.)

3. RFP No. 15—Similar Incident Information

Plaintiff's discovery request seeks "any other complaints JetBlue Airways Corporation has received alleging injury resulting from a turbulence injury." (ECF No. 58 at 15.) Defendant notes that plaintiff's request "has no temporal limitation and seeks unlimited information that has no relevance to Plaintiff's claim involving this specific JetBlue flight." (Id. at 16.)

The undersigned agrees, will modify plaintiff's request, and order defendant to produce any other complaints JetBlue Airways Corporation has received within the last 2 years alleging injury resulting from a turbulence injury suffered while the seatbelt sign was not illuminated.

4. RFP No. 18—Cockpit Voice Recordings

Plaintiff seeks production of the cockpit voice recordings ("CVR"). (ECF No. 58 at 17.) Plaintiff's request is denied as "[t]he NTSB took custody of the CVR immediately following the subject flight pursuant to its authority under 49 C.F.R. Part 831." (Id.)

5. RFP No. 19—Personnel Records

At oral argument, plaintiff confirmed that this request was now limited to requesting just the personnel records for the flight crew. (ECF No. 58 at 19.) Defendant raises privacy concerns. (Id. at 20.)

////

3

Jurisdiction in this action is premised upon diversity. Accordingly, state law governs defendant's privacy claims. Fed. R. Evid. 501; Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998).

> The party asserting a privacy right must establish a legally protected privacy interest, an objectively reasonable expectation of privacy in the given circumstances, and a threatened intrusion that is serious. The party seeking information may raise in response whatever legitimate and important countervailing interests disclosure serves, while the party seeking protection may identify feasible alternatives that serve the same interests or protective measures that would diminish the loss of privacy. A court must then balance these competing considerations.

Williams v. Superior Court, 3 Cal.5th 531, 552 (Cal. 2017); see also Grobee v. Corrections Corporation of America, No. 13cv1060-GPC(DHB), 2014 WL 229266, at *2 (S.D. Cal. Jan. 17, 2014) ("When private information, such as personnel files, is shown to be relevant, the court must then balance the need for the discovery against the fundamental right of privacy.").

Here, the undersigned finds that the relevance of the flight crew's personnel records, plaintiff's compelling need for those records, and inability to obtain those records through other means, outweighs the defendant's privacy concerns. Moreover, the undersigned will order that defendant's production be made pursuant to the parties' stipulated protective order to further ameliorate defendant's privacy concerns.

6. RFP No. 23, Set Two—Flight Data Recording

Plaintiff's request for this discovery is denied because, "as was the case with the CVR, the DFDR was collected by the NTSB following the turbulence event." (ECF No. 58 at 22.)

CONCLUSION

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 5, 2017 motion to compel (ECF No. 37) is granted in part and denied part;

2. Defendant shall produce documents responses to plaintiff's RFP No. 1 on or before December 29, 2017. All other documents ordered produced by this order shall be produced on or

before January 12, 2018;

    3.  Defendant's discovery production will be made pursuant to the parties' stipulated protective order; and

    4.  Discovery in this action shall be completed by April 30, 2018.[3]

Dated:  December 27, 2017

*[signature]*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\phan2328.oah.122217

---

[3] "The word 'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed."  (ECF No. 24 at 3.)